WILLIAM G. ABRAMS *et al.*, plaintiffs in error, *v.* WILLIAM CAMP, defendant in error.

*Error to Sangamon.*

A made his note to B, in consideration of money won at a game played with cards, and B assigned the note to C, who instituted a suit upon it in a court of law. Upon the trial A called B as a witness, who objected to stating what was the consideration of the note, on the ground that he could not do so without criminating himself, and the Court sustained his objection. No other testimony being offered, judgment was rendered in favor of C, for the amount of the note and interest. Upon a bill in chancery, to enjoin the enforcement of the judgment: *Held*, that these facts did not authorize a court of chancery to interfere with the judgment of the court of law, it not appearing that A had no other witness to prove the same fact he sought to establish by B.

The statute declares all notes given in consideration of money won at play, void, whether in the hands of the payee or an assignee.

The general rule in equity is, that relief will not be granted against a judgment at law, on the ground of its being contrary to equity, unless the defendant in the action at law was ignorant of the facts constituting his defence, while the suit was pending, or they could not have been received as a defence at law. If he permits judgment to pass against him by neglect, he cannot afterwards seek relief in equity, for a matter which he could have availed himself of at law, even if a court of equity has concurrent jurisdiction with a court of law, of the subject matter of the defence.

A party electing to make his defence at law, and failing, is precluded from going into equity to litigate anew the same matters. To this general rule there are some exceptions, as where the judgment has been obtained by fraud, or gross injustice has been done to a party, not attributable to his laches or neglect.

THIS cause was heard in the Court below, at the April term, 1841, before the Hon. Samuel H. Treat.

S. T. LOGAN and A. LINCOLN, for the plaintiffs in error, cited R. L. 320, 483; 2 Story's Eq. 179—183; 1 Johns. Ch. R. 49, 95—99; 1 Littell 325.

J. LAMBORN, for the defendant in error.

TREAT, Justice, delivered the opinion of the Court:

Camp filed his *bill in chancery* in the Sangamon Circuit Court, against Abrams and Klein, alleging, in substance, that Klein, at a previous term of the Court, had obtained a judgment against him for the sum of $191.43, on a note made by Camp to Abrams, and by Abrams assigned to Klein; that the note was made and executed in consideration of money won by Abrams of Camp, at a game played with cards, and for no other consideration. The bill prayed

Abrams *et al. v.* Camp

that the judgment might be perpetually enjoined, and for general relief. Upon this bill Camp obtained an injunction. At a subsequent term it was agreed by the parties, that the Court might decide whether the injunction should be dissolved or made perpetual, upon an agreed state of facts, substantially as follows : That in the action at law Camp pleaded that the note was given in consideration of money won at a game played with cards, on which plea issue was joined, and on the trial, to prove the truth of his plea, Camp called Abrams as a witness, who objected to answering as to what was the consideration of the note, on the ground that he could not do so without criminating himself, and the Court sustaining the objection, he was excused from answering, and Camp offering no other evidence, judgment was rendered in favor of Klein, for the amount of the note and interest. On this state of facts, the Circuit Court decreed that the injunction be made perpetual, and that Camp recover his costs. This decision of the Court is now assigned for error, by Abrams and Klein, who bring the record to this Court.

The general rule in equity is, that it will not relieve against a judgment at law, on the ground of its being contrary to equity, unless the defendant in the action at law was ignorant of the facts constituting his defence, while the suit was pending, or they could not have been received as a defence at law. If he permits judgment to pass against him by neglect, he cannot afterwards seek relief in equity, for a matter which he could have availed himself of at law, even if a court of equity has concurrent jurisdiction with a court of law, of the subject matter of the defence. A party electing to make his defence at law, and failing, is precluded from going into equity to litigate anew the same matters. To this general rule there are some exceptions, as where the judgment has been obtained by fraud, or gross injustice has been done to a party, not attributable to his laches or neglect. (1)

The statute to restrain gaming (2) declares all notes given in consideration of money won at play, void and of no effect, whether in the hands of the payee or an assignee. Camp had therefore a good defence to the note, in the action at law, if the allegations of his bill are true. He set up his defence there, and his failure to make it successful, it is presumable, was owing to his own neglect, or want of preparation, for no special ground of fraud or surprise is alleged in his bill, or shown by the agreed case. Although Abrams insisted upon his privilege, and was not required to testify, still it may have been in the power of Camp to have fully established his defence by other witnesses. In this state of the case, to permit him to go into equity would be in violation of the principle, that the decision of a court of competent authority is conclusive upon all courts of concurrent power, and would, in effect,

(1) 1 Johns. Ch. R. 49, 92; 2 Story's Eq. 179.
(2) R. L. 320; Gale's Stat. 320.

enable parties to go on, by way of experiment, from one concurrent tribunal to another, producing conflicting decisions, and unsettling the rights of parties litigant, instead of requiring them to resort to an appellate tribunal, for the correction of errors alleged to have been committed.

The decree of the Circuit Court was clearly erroneous, and is reversed with costs, and the injunction dissolved.

*Decree reversed.*